Filed 4/12/21  P. v. Johns CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075817 |
| v. | (Super.Ct.No. SCR31510) |
| SAMMIE JOHNS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Reversed and remanded.

Aurora Elizabeth Bewicke, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, Lynne G. McGinnis and Tami Falkenstein Hennick, Deputy Attorneys General, for Plaintiff and Respondent.

1

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) amended Penal Code[1] sections 188 and 189 (Stats. 2018, ch. 1015, §§ 2, 3) to limit the application of the felony-murder rule and the crime of murder under the natural and probable consequences doctrine to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.  In addition, Senate Bill No. 1437 enacted section 1170.95 (Stats. 2018, ch. 1015, § 4), which permits persons previously convicted of first or second degree murder under the felony-murder rule or the natural and probable consequences doctrine, but who could not be so convicted under the amendments enacted by Senate Bill No. 1437, to petition the superior court to vacate their murder convictions and to resentence them on any remaining counts.

Defendant and appellant Sammie Johns[2] appeals an order striking his section 1170.95 petition, seeking reversal and either resentencing or remand to the trial court for further proceedings.  A trial court struck his petition, concluding that Senate Bill No. 1437 is unconstitutional since it invalidly amended Proposition 7, a voter initiative that increased the punishments for persons convicted of murder (Prop. 7, as approved by voters, Gen. Elec. (Nov. 7, 1978) (Proposition 7)) and Proposition 115, a voter initiative

---

[1]  All further statutory references will be to the Penal Code unless otherwise noted.

[2]  The 2019 petition for resentencing and all documents filed thereafter in the superior court refer to defendant as Sammie Johns.  However, we note that he was referred to as Sammy Johns, Jr., in prior court filings, including the 1975 abstract of judgment and this court's 1976 unpublished opinion.

that augmented the list of predicate offenses for first degree felony-murder liability (Prop. 115, as approved by voters, Primary Elec. (June 5, 1990) (Proposition 115)). The People concede, and we agree, that Senate Bill No. 1437 is constitutional. We will therefore reverse the judgment and remand the case for further proceedings called for by section 1170.95.

## FACTUAL BACKGROUND[3]

Mr. McGuire was the owner of the Valley Liquor Store. "Mr. McGuire secured approximately $32,000 from the bank to cover payroll checks. This money was in two sealed bank bags . . . . McGuire returned from the bank with the money and went into the liquor store. Minutes later, a blue Pinto pulled into the parking lot and parked, not in the normal parking area, but alongside the rear door. This door was seldom used by customers. Hangan, Hardy, and Johns were in the car. An employee in the store was working at the freezer when he heard someone come through the back door and then he heard a sound similar to that of a car backfiring. He turned and saw Hangan with a gun in one hand and two money bags in the other. He found Mr. McGuire lying on the floor having been shot. Mr. McGuire died. Witnesses saw a Pinto pull up and quickly depart from the store. When Hangan left the store, the Pinto had been moved from an area near the back door to an area near the phone booths apparently so as to eliminate any possible problem on leaving. Hangan ran to the car and got into the back seat. Hardy, who had

---

[3] By order dated January 25, 2021, this court took judicial notice of the unpublished opinion in *People v. Johns* (1975) 4 Crim. 7589, arising from defendant's prior appeal. This statement of facts is taken from the court's unpublished opinion.

3

been standing nearby, got into the passenger seat. Johns was the driver. They drove away. A police broadcast was put out. Somewhat later, California Highway Patrolman Guzik . . . started to follow the car. . . . The car took evasive action and finally spun into a fence. All three men jumped from the car and ran."

## PROCEDURAL BACKGROUND

On March 12, 1975, the San Bernardino County District Attorney's Office filed an indictment charging defendant with robbery (§ 211) and murder (§ 187). The indictment alleged that he was armed during the commission of the robbery. An amendment to the indictment was filed later, alleging that he had a prior robbery conviction.

On June 19, 1975, a jury found defendant guilty of robbery and murder as charged, but did not find the arming allegation true. Defendant admitted the allegation that he had a prior robbery conviction. A trial court sentenced him to the "term prescribed by law."

Defendant appealed, and the Court of Appeal affirmed the judgment in 1976.

On January 10, 2019, defendant filed on his own behalf a petition for resentencing under section 1170.95, alleging that he was convicted of first or second degree murder pursuant to the felony-murder rule or the natural and probable consequences doctrine, and he could not now be convicted of first or second degree murder because of the amendments to sections 188 and 189. With respect to the declaration that he could not be convicted of first or second degree murder under the amendments, defendant checked boxes on the form petition stating that he was not the actual killer and that he did not, with the intent to kill, aid or abet the actual killer in the commission of the murder. He

4

did not check the box stating that he "was not a major participant in the felony or [he] did not act with reckless indifference to human life during the course of the crime or felony." He requested the court to appoint counsel for him.

On March 21, 2019, conflict panel attorney Michael Duncan appeared on behalf of defendant. The court continued the matter and ordered defendant to be transported for the next hearing.

On April 11, 2019, the district attorney filed an informal response arguing that defendant failed to establish a prima facie case for relief since the petition only pled "bare legal allegations" without any specific facts to support the allegations.

The court held a hearing on April 12, 2019, and conflict panel attorney John Paul Serrao appeared on behalf of defendant and waived his appearance. The court set the matter for May 17, 2019.

On May 10, 2019, the district attorney filed a motion to strike defendant's petition, arguing that Senate Bill No. 1437 is unconstitutional because it unlawfully amended Proposition 7 and Proposition 115 and violated the separation of powers doctrine.

The court held a hearing on May 17, 2019, with the district attorney present. No one appeared on defendant's behalf. The court noted that Mr. Serrao previously appeared and continued the matter to June 21, 2019, noting that it would give notice to him.

On June 21, 2019, the district attorney appeared, and attorney Earl Carter said he was "appearing for the Inland Defenders." The district attorney noted the parties agreed to continue the matter to August 16 to allow defense counsel to "prepare their

5

paperwork." The court asked, and Mr. Carter responded, that he was joining in the "motions filed by the Public Defender."

On August 16, 2019, the court held the continued hearing. Attorney Tara Collins said she was appearing specially for Mr. Duncan and would waive defendant's appearance. She asked to continue the matter to September 27, 2019, and the district attorney agreed.

On September 5, 2019, the court issued a tentative decision denying defendant's petition for resentencing and granting the People's motion to strike it, concluding that Senate Bill No. 1437 is unconstitutional because it unlawfully amended Proposition 7 and Proposition 115. The court further found that defendant's "participation in the robbery as a get-away driver and lookout is sufficient to categorize him as a major participant in the robbery." However, the court also stated that defendant "never entered the liquor store, and therefore was not in proximity to Hangan during the robbery and shooting. Therefore [he] cannot be found to be acting with reckless disregard for human life."

On September 27, 2019, the court called the matter for a hearing and asked who was appearing for the defense. The judicial assistant replied that it was Tara Collins. Another attorney said, "[s]he was here," and volunteered to appear for her. The court continued the matter to October 25, 2019.

The court called the matter for a hearing on October 25, 2019, and James Secord said he would "stand in for the People on this one." Mr. Serrao was there and said he would "stand in" for defense counsel. The court stated that this matter was fully briefed, that it had issued a tentative decision, and that counsel had an opportunity to review the

6

tentative decision and comment or respond.  It then asked if both sides were willing to submit, and both parties agreed to do so.  The court announced that the matter would stand submitted and it would issue its final decision within 10 days.  Mr. Secord asked, "Is that going to be on the constitutional grounds?"  The court responded, "It does address the constitutional grounds.  I don't recall if [defendant] was a major participant acting with reckless disregard."  Mr. Secord said, "Very good," and the court noted that the tentative decision did address both issues.

On November 4, 2019, the court issued its ruling, adopting the tentative decision as the final decision.

## DISCUSSION

### I.  Senate Bill No. 1437 is Constitutional

Defendant argues that the court erred in finding Senate Bill No. 1437 unconstitutional and thereby denying his petition for resentencing.  He correctly points out that this court has concluded Senate Bill No. 1437 is constitutional in *People v. Johns* (2020) 50 Cal.App.5th 46 and *People v. Lippert* (2020) 53 Cal.App.5th 304.  The People concede that Senate Bill No. 1437 is constitutional.  We agree for the reasons stated in *Johns* and *Lippert*.  The trial court therefore erred in striking defendant's section 1170.95 petition on the ground that Senate Bill No. 1437 is unconstitutional.

### II.  The Matter Should Be Remanded for Further Proceedings

Defendant contends that he is entitled to have his petition granted under Senate Bill No. 1437.  He asserts that although the court found he was a major participant in the robbery (a finding he disputes), it also found that he did not act with conscious disregard

7

for human life.  He further points out that the People submitted on the court's ruling.  He concludes that, since he was not the actual killer, did not act with the intent to kill, and was not a major participant who acted with reckless indifference to human life, he is entitled to relief as a matter of law.  In the alternative, defendant contends if we conclude he forfeited any of his claims, he is entitled to a remand to be heard on these issues since he was denied due process and effective assistance from the various attorneys who appeared on his behalf.  The People argue that we should remand the matter to the trial court with directions to issue an order to show cause and conduct an evidentiary hearing on defendant's petition.  We conclude that the matter should be remanded for the trial court to determine if a prima facie case has been made.  In light of our conclusion, we decline to address defendant's claims regarding due process and ineffective assistance of counsel.

A.  *Senate Bill No. 1437*

In 2018, the Legislature adopted, and the Governor signed, Senate Bill No. 1437. In effect, Senate Bill No. 1437 is a change to the substantive offense of first and second degree murder, removing the exceptions that had allowed such convictions despite the absence of malice.  Effective January 1, 2019, Senate Bill No. 1437 made that change by amending sections 188 and 189 to restrict the scope of first degree felony murder and eliminate second degree murder based on the natural and probable consequences doctrine.  (Sen. Bill No. 1437, §§ 2-3.)  As amended, section 188 directs malice may not "be imputed to a person based solely on his or her participation in a crime."  (§ 188, subd. (a)(3).)  Instead, "to be convicted of murder, a principal in a crime shall act with malice,"

8

except for cases applying the narrowed felony-murder rule in new subdivision (e) of section 189, under which "[a] participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder *only if* one of the following is proven:  [¶] (1) The person was the actual killer.  [¶]  (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  [or] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of section 190.2."[4]  (§ 189, subd. (e), italics added.)

The Legislature also added section 1170.95 to the Penal Code.  That provision creates a procedure for offenders previously convicted of felony murder or under a natural and probable consequences theory to retrospectively obtain the benefits of these changes.  Such convicts may petition for relief in the court where they were convicted.  If they make a prima facie showing they are entitled to have their prior convictions vacated, they are entitled to receive "a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not . . . previously been sentenced." (§ 1170.95, subd. (d)(1), see *id.*, subd. (c).)

---

[4] The limitations in section 189, subdivision (e), do not apply when the victim is a peace officer killed while in the course of their duties and where the defendant knew or reasonably should have known as much.  (§ 189, subd. (f).)

9

B.  *The Trial Court Did Not Determine if Defendant Made a Prima Facie Showing of Eligibility or Entitlement for Relief*

"A trial court that receives a petition for resentencing under section 1170.95 must follow these steps, in pertinent part:  'The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.  If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner.  The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served.  These deadlines shall be extended for good cause.  If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause.' "  (*People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1165 (*Nguyen*); see § 1170.95, subd. (c).)

"Section 1170.95[, subdivision] (c) twice uses the phrase 'prima facie showing.'  Courts of Appeal have inferred from the structure of the provision that section 1170.95(c) contemplates two separate assessments by the trial court of a prima facie showing: one focused on 'eligibility' for relief and the second on 'entitlement' to relief."  (*People v. Drayton* (2020) 47 Cal.App.5th 965, 975 (*Drayton*).)  In other words, the trial court is required to make two assessments.  "The first is whether the petitioner has made a prima facie showing of *eligibility for* relief.  A petitioner is eligible for relief if he or she makes a prima facie showing of the three criteria listed in section 1170.95[, subdivision] (a)—namely he or she (1) was charged with murder 'under a theory of felony murder or murder under the natural and probable consequences doctrine,' (2) was convicted of first

10

or second degree murder, and (3) can no longer be convicted of first or second degree murder 'because of changes to Section 188 or 189 made effective January 1, 2019.' " (*Id*. at pp. 975-976.)

"If the trial court determines a petitioner has made a prima facie showing of eligibility for relief, the court proceeds to the 'second' inquiry into the prima facie showing under section 1170.95[, subdivision] (c). [Citation.] In this second step, the trial considers whether the petitioner has made a prima facie showing of *entitlement to* (rather than eligibility for) relief." (*Drayton*, *supra*, 47 Cal.App.5th at p. 976.) " '[T]he standard for subdivision (c)'s second review—"a prima facie showing that he or she is entitled to relief"—is identical to the standard for issuance of an order to show cause in a habeas corpus proceeding, as set forth in [California Rules of Court,] rule 4.551(c)(1): "The court must issue an order to show cause if the petitioner has made a prima facie showing that he or she is entitled to relief. In doing so, the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Nguyen*, *supra*, 53 Cal.App.5th at p. 1165.)

"In determining whether a petitioner has made a prima facie showing that he or she is entitled to relief, the 'trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law—for example, a petitioner's assertion that a particular conviction is eligible for relief where the crime is not listed in subdivision (a) of section 1170.95 as eligible for resentencing. Just as in habeas corpus, if the record "contain[s] facts refuting the allegations made in

11

the petition . . . the court is justified in making a credibility determination adverse to the petitioner." [Citation.] However, this authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, subd[ivision] (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion . . . .' " (*Nguyen*, *supra*, 53 Cal.App.5th at pp. 1165-1166.)

"If a petitioner makes a prima facie showing that he or she is entitled to relief, and the trial court issues an order to show cause, 'At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*Nguyen*, *supra*, 53 Cal.App.5th at p. 1166.)

Here, the trial court denied defendant's petition because it found Senate Bill No. 1437 unconstitutional. In its decision, the court noted that defendant was a major participant in the robbery, but also found that since he never entered the liquor store and was not in proximity to his cohort during the robbery and shooting, he did not act with reckless disregard to human life. It is unclear how or why the court made these factual findings and conclusions at this stage in the proceedings. In reviewing defendant's petition, the court was first required to assess whether he had made a prima facie showing that he was eligible for relief. A prima facie showing of eligibility includes a showing that he could no longer be convicted of first or second degree murder " 'because of changes to Section 188 or 189 made effective January 1, 2019.' " (*Drayton*, *supra*, 47 Cal.App.5th at pp. 975-976; see § 1170.95, subd. (a).) We observe that, technically,

12

defendant did not make a prima facie showing that he was eligible for relief. With respect to his declaration that he could not be convicted of first or second degree murder under the 2019 amendments, he checked the boxes on his form petition stating that he was not the actual killer and that he did not, with the intent to kill, aid or abet the actual killer in the commission of the murder. He did *not* check the box stating that he "was not a major participant in the felony or [he] did not act with reckless indifference to human life during the course of the crime or felony." In other words, even though defendant did not allege that he was not a major participant in the robbery or did not act with reckless indifference to human life, the court nonetheless concluded that he did not act with reckless indifference. We agree with the People that this conclusion constituted improper factfinding at this stage in the proceedings. The court should have only been assessing whether defendant's petition made a prima facie case for eligibility and entitlement. (§ 1170.95, subd. (c).) Considering that the petition did not even allege defendant was not a major participant in the robbery or did not act with reckless indifference to human life, the court should not have made the finding that he did not act with reckless indifference. We note that the "authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, subd[ivision] (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*Drayton*, *supra*, 47 Cal.App.5th at p. 980.)

13

C. *The Court's Finding Does Not Entitle Defendant to Relief*

On appeal, defendant does not even claim that he has made a prima facie showing for relief under section 1170.95. Instead, he asserts that he is entitled to relief simply because the court found he did not act with reckless disregard for human life, thereby finding that he did not have the requisite mens rea for murder, as amended by Senate Bill No. 1437. Accordingly, he argues we should order that his petition be granted and his murder conviction vacated "[b]ased on the trial court's unopposed findings of fact."[5] This claim has no merit.

In support of his claim, defendant cites the portion of section 1170.95, subdivision (d)(2), which provides, "If there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner," and points to the trial court's finding that he did not act with reckless indifference. Aside from concluding that the court engaged in improper factfinding, we conclude that defendant's reliance on section 1170, 95, subdivision (d)(2), is misplaced. He cites a portion of subdivision (d)(2), but ignores its context in the statutory scheme. A petition must make a prima facie showing of entitlement for relief before the court issues an order

---

[5] To the extent defendant is arguing that the People conceded that he did not act with reckless disregard to human life, we note that the prosecutor submitted on the court's tentative opinion, which *granted* the People's motion to strike defendant's petition. Moreover, upon submitting, the prosecutor asked, "Is that going to be on the constitutional grounds?" Thus, the record indicates the prosecutor was submitting on the court's decision that Senate Bill No. 1437 was unconstitutional, not necessarily on the finding that defendant did not act with reckless disregard for human life.

14

to show cause.  (§ 1170.95, subd. (c).)  Once the court issues an order to show cause, it "shall hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner . . . ."  (§ 1170.95, subd. (d)(1).)  Section 1170.95, subdivision (d)(2), in its entirety, provides:  "The parties may waive a resentencing hearing and stipulate that the petitioner is eligible to have his or her murder conviction vacated and for resentencing.  If there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner."  In context, this section is unquestionably referring to the judge hearing the petition.  At the time the trial court acted on the petition in this case, there was no prior finding by a court or jury that petitioner did not act with reckless indifference to human life or was not a major participant in the felony.  Thus, section 1170.95, subdivision (d)(2), is inapplicable in this case.  Further, the trial court here did not issue an order to show cause, and the parties did not stipulate that defendant was eligible to have his murder conviction vacated.  Contrary to defendant's claim, section 1170.95, subdivision (d)(2), does not authorize us to simply order that his petition be granted.

D.  *We Remand for the Trial Court to Rule on the Merits of Defendant's Petition*

We conclude the trial court erred in finding Senate Bill No. 1437 unconstitutional and striking defendant's resentencing petition under section 1170.95 without properly reaching its merits.  We remand for the trial court to conduct further proceedings pursuant to the procedure laid out in section 1170.95.  We offer no opinion as to whether

15

the trial court should issue an order to show cause or grant the relief requested in the petition.

DISPOSITION

We reverse the judgment of the trial court and remand for further proceedings on the merits of defendant's petition under Penal Code section 1170.95.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
                                                                    J.

We concur:

RAMIREZ _____
                P. J.

McKINSTER _____
                J.

16